## No. 3375.

### HENRY F. WADE *v.* DAVID W. EAMES.

Plaintiff, revoking the donation which he made to his wife of a certain piece of property, seeks to recover possession of said property from defendant, whose title is derived from plaintiff's wife under the donation aforesaid.

It appears that Mrs. Wade desired to donate the property in question, thus donated to her, to her daughter, Mrs. Eames, "as an extra portion over and above her legitimate share in the succession of said donor," estimating it at $7000, and to secure the title, it was specially stipulated in the act, "that the said donor binds herself and her heirs to warrant and forever defend the said property against all legal claims and demands whatsoever." To this act the plaintiff was a party, approving of it and authorizing his wife. He is therefore, estopped from disputing the title of defendant.

Besides, the prescription of ten years invoked by defendant, is a complete bar to the action.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Roselius & Philips*, for plaintiff and appellant. *Fellows & Mills*, for defendant and appellee. *T. Gilmore, Cotton & Levy*, for defendants, called in warranty.

WYLY, J. On the seventeenth of May, 1860, the plaintiff donated a certain piece of property to his wife, and on the same day she donated it to the wife of the defendant, who was her daughter by a previous marriage. Subsequently, defendant's wife died, leaving a child who inherited this property. The child dying, the defendant inherited it. Subsequently, the wife of the plaintiff died; and then the plaintiff made a notarial act revoking the donation of the property to his wife and sued the defendant to recover possession thereof. The court gave judgment for the defendant and the plaintiff appeals.

It appears that Mrs. Wade desired to donate the property in question to her daughter, Mrs. Eames, " as an extra portion over and above her legitimate share in the succession of said donor," estimating it at

29

$7000. And to secure the title it was specially stipulated in the act, that "the said donor binds herself and her heirs to warrant and forever defend the said property against all legal claims and demands whatsoever."

To this act the plaintiff was a party authorizing and assisting his wife.

We think the plaintiff is estopped from disputing the title of the defendant. Valuable improvements have been erected and taxes paid on the faith of the title which Mrs. Wade passed with full warranty, and the plaintiff was a party to the act authorizing and approving of it. It would be a fraud to allow him now to recover the property. Besides, the prescription of ten years invoked by the defendant, is a complete bar to the action.

Judgment affirmed.